UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NANCY FALONI, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. CJC-25-0413 |
| OCEAN ENTERPRISE 589, LLC, | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

This case involves a negligence claim brought by Plaintiff Nancy Faloni. Before the Court is Defendant Ocean Enterprise 589, LLC's ("Ocean Enterprise") Motion for Summary Judgment ("the Motion"). ECF No. 30. Ocean Enterprise contends that Ms. Faloni cannot prove that Ocean Enterprise was negligent under the doctrine of premises liability. In the alternative, Ocean Enterprise argues that Ms. Faloni was contributorily negligent or assumed the risk of her injuries. ECF No. 30. The Motion is ripe for review, and no hearing is necessary. Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, the Court grants the Motion.

**BACKGROUND**[1]

Shortly before 8:00 p.m. on August 11, 2022, Ms. Faloni and two other individuals parked their car in the parking lot of the Ocean Downs Casino (the "Casino"). Security Camera Video of Incident, Attach. A to Ocean Enterprise's Ex. 1, at 19:49:30 [hereinafter "Surveillance Video"]; ECF No. 30-4.[2] The group exited the car and walked toward the entrance to the Casino.

---

[1] The facts presented here, though undisputed, are recited in the light most favorable to Ms. Faloni as the non-moving party. *Tekmen v. Reliance Standard Life Ins. Co.*, 55 F.4th 951, 958 (4th Cir. 2022).

[2] The Court cites to specific portions of the Surveillance Video by the timestamp (Hours:Minutes:Seconds) indicated at the bottom right of the frame.

Surveillance Video 19:51.00. The conditions that evening were sunny and clear as the group walked through the parking lot. *See* Surveillance Video 19:51:00.

During their walk, the group approached an in-ground electrical panel. Surveillance Video 19:51:37. The electrical panel rose no more than a few inches above the surrounding pavement. *See* Surveillance Video 20:23:55. While much of the pavement in the parking lot was black, the pavement immediately surrounding the electrical panel was gray, and the electrical panel itself was an even lighter gray. Surveillance Video 19:51:00. There were no objects obstructing the view of the electrical panel, and the electrical panel was not covered by any visible debris. Surveillance Video 19:51:00.

As Ms. Faloni was walking, she tripped on the electrical panel, fell onto the pavement, and suffered injuries. Surveillance Video 19:51:45; ECF No. 30-4.

As a result of her fall, Ms. Faloni filed this negligence action against Ocean Downs, LLC ("Ocean Downs") in the Circuit Court for Worcester County on January 7, 2025. ECF No. 34-2. Ocean Downs removed the case to this Court on February 10. ECF No. 1. On March 27, Ms. Faloni moved to amend her complaint by interlineation to name Ocean Enterprise as the proper defendant rather than Ocean Downs, and the Court granted the motion that same day. ECF Nos. 27, 28. As a result, Ocean Enterprise is the sole defendant in this case.

On August 4, 2025, Ocean Enterprise filed the instant Motion. ECF No. 30. Ms. Faloni filed her response on August 21. ECF No 34. On September 12, Ocean Enterprise filed its reply. ECF No. 37.

## SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In other words, summary judgment is appropriate when the evidence 'is so one-sided that one party must prevail as a matter of law.'" *Tekmen v. Reliance Standard Life Ins. Co.*, 55 F.4th 951, 959 (4th Cir. 2022) (citation omitted). A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (citation omitted). A genuine dispute over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, to demonstrate a genuine dispute of material fact, the nonmoving party must present sufficient evidence for a reasonable jury to rule in their favor on each essential element of their claim. *See id.*

## DISCUSSION

In her Complaint, Ms. Faloni alleges that Ocean Enterprise was negligent under the doctrine of premises liability because the electrical panel, over which she tripped, was an unreasonably dangerous condition. ECF No. 34-2 at 2.[3] Ocean Enterprise argues that it is entitled to judgment as to Ms. Faloni's negligence claim because it did not breach the duty owed to her. Ocean Enterprise raises several different theories in this regard. First, Ocean Enterprise contends that Ms. Faloni cannot establish that a dangerous condition existed on its property by virtue of the electrical panel. Second, Ocean Enterprise argues that the electrical panel did not pose an

---

[3] Citations to the parties' filings refer to the page number provided in the CM/ECF filing header, not the PDF pagination.

unreasonable risk to Ms. Faloni. Third, and relatedly, Ocean Enterprise argues that, to the extent the electrical panel posed any risk to Ms. Faloni, it was de minimis and consistent with the ordinary imperfections of parking lots and other public areas. Fourth, Ocean Enterprise argues that, assuming any alleged defect existed, it was open and obvious to Ms. Faloni and she should have exercised reasonable care to observe the alleged defect. Fifth, Ocean Enterprise contends that it was not on notice of any alleged defect in the pavement at or near the electrical panel. Sixth, Ocean Enterprise argues that Ms. Faloni lacks the required expert testimony to establish that Ocean Enterprise was on constructive notice of the alleged defect. Finally, Ocean Enterprise contends that even if the Court finds that it was negligent, it cannot be held liable because Ms. Faloni was either contributorily negligent or assumed the risk of being injured. ECF No. 30-1 at 3–4.

Under Maryland law, a plaintiff asserting a claim for negligence must prove (I) that the defendant owed plaintiff a duty; (II) that the defendant breached its duty; (III) that the plaintiff suffered an injury; and (IV) that the plaintiff's injury was proximately caused by the defendant's breach. *Duncan-Bogley v. United States*, 356 F. Supp. 3d 529, 534 (D. Md. 2018). In a premises liability case like this one, "the duty of care owed by an owner or occupier of a premises is a function of his legal relationship to the person entering on the premises." *Purviance v. Michaels Stores, Inc.*, Civil Action No. PX-23-1665, 2025 WL 696555, at *2 (D. Md. Mar. 4, 2025) (citation omitted). A person "invited or permitted to enter another's property for purposes related to the landowner's business" is considered an invitee, to which the landowner owes the "highest duty." *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 388 (1997) (citation omitted).

A property owner breaches their duty to an invitee based on injuries sustained by a condition on the owner's property if: (A) an unreasonably dangerous condition exists on the property; (B) the condition is not an open and obvious danger to an invitee; (C) the property owner has notice of the unreasonably dangerous condition; and (D) the property owner fails to exercise reasonable care to protect the invitee against the danger. *Giant of Maryland, LLC v. Webb*, 249 Md. App. 545, 562, *aff'd*, 477 Md. 121 (2021).

The Court agrees that Ocean Enterprise is entitled to judgment on Ms. Faloni's negligence claim because, although Ocean Enterprise owed a duty to Ms. Faloni as an invitee, there is no genuine dispute of material fact that Ocean Enterprise did not breach this duty. Specifically, the electrical panel was not an unreasonably dangerous condition, and, even if it was, the electrical panel was open and obvious to Ms. Faloni. Because Ms. Faloni cannot establish that Ocean Enterprise breached its duty of care, her negligence claim fails.

**I.    Ocean Enterprise Owed a Duty to Ms. Faloni as an Invitee.**

The parties do not dispute that Ms. Faloni was an invitee.[4] As noted above, an invitee is defined as a person "invited or permitted to enter another's property for purposes related to the landowner's business." *Tennant*, 115 Md. App. at 388. Ms. Faloni was visiting Ocean Enterprise's property as a "patron" of the Casino, and thus Ms. Faloni's purpose for visiting the property was connected to Ocean Enterprise's business. ECF No. 30-4 at 1. As an invitee, Ocean Enterprise owed Ms. Faloni a duty to exercise "reasonable and ordinary care to keep [the] premises safe for the invitee and to protect the invitee from injury caused by an unreasonable risk which the invitee, by exercising ordinary care for [her] own safety, [would] not discover."

---

[4] Ocean Enterprise assumes for purposes of its Motion for Summary Judgment that Ms. Faloni was an invitee but reserves its right to challenge that status if the Court denies the Motion for Summary Judgment. ECF No. 30-1 at 8 n.5.

*Casper v. Charles F. Smith & Son, Inc.*, 316 Md. 573, 582 (1989). As discussed further below, however, Ocean Enterprise did not breach this duty.

## II. Ocean Enterprise Did Not Breach Its Duty to Ms. Faloni.

Ocean Enterprise argues that it did not breach the duty it owed Ms. Faloni as an invitee because the electrical panel did not present a dangerous condition, and that, even if a dangerous condition existed, the danger was open and obvious. ECF No. 30-1 at 12–15, 16. Ocean Enterprise further argues that it did not have notice of any dangerous condition and Ms. Faloni has not presented any evidence otherwise. ECF No. 30-1 at 16, 20. Because there is no genuine dispute that the electrical panel was not unreasonably dangerous and that, even if it was, the danger was open and obvious, the Court need not address Ocean Enterprise's other arguments and affirmative defenses. The Court addresses the first two elements of premises liability in turn.

### A. The electrical panel was not an unreasonably dangerous condition.

An unreasonably dangerous condition is one "that will not be discovered by [an] invitee[] exercising ordinary care for their own safety." *Schaefer v. United States*, Civil Action No. PX-15-2690, 2017 WL 2506174, at *2 (D. Md. June 9, 2017) (citing *Leatherwood Motor Coach Tours Corp. v. Nathan*, 84 Md. App. 370, 381 (1990)). Courts have frequently decided, as a matter of law, that "uneven ground surface generally does not amount to an 'unreasonable [danger],' because pedestrians customarily and ordinarily expect to encounter such variations in terrain." *Id.* at *3 (citing *Leatherwood*, 84 Md. App. at 383); *see also Duncan-Bogley*, 356 F. Supp. 3d at 538–39 (collecting cases). Uneven ground surface can become an unreasonable danger, however, if the surface is obstructed, the surface is loose, or the surface is covered with a slick substance such as snow or ice. *Dent v. Walmart Inc.*, Civil Action No. TJS-21-1622, 2023

WL 6621346, at *4 (D. Md. Oct. 11, 2023). The question, then, is whether the electrical panel was merely uneven ground or whether it presented additional dangers.

Here, Ocean Enterprise's security camera video establishes that the electrical panel did not create an unreasonable danger because it was just an uneven ground surface. *See Ozah v. Fretwell*, Civil Action No. CCB-18-1063, 2021 WL 4339435, at *4 (D. Md. Sept. 23, 2021) ("[T]he video of the event quiets any possible genuine disputes of fact here."). It confirms that the electrical panel rose, at most, several inches above the height of the pavement such that the risk of tripping over the panel was minimal.[5] Surveillance Video 19:51:00, 20:23:55. Further, there were no additional conditions that posed any danger. There is no evidence that the ground around the electrical panel was loose. The electrical panel was not obstructed by any objects or poor weather conditions. Finally, the electrical panel was not covered by a slick surface. For these reasons, the electrical panel did not present an unreasonable danger. Because the electrical panel was simply an uneven ground surface and Ms. Faloni fails to present any additional facts demonstrating that the electrical panel presented an unreasonable danger, there is no genuine dispute that the electrical panel was not an unreasonably dangerous condition that would subject Ocean Enterprise to liability.

---

[5] Ms. Faloni argues that, because the electrical panel "was substantial enough to catch [her] foot," there is a genuine dispute of material fact regarding the exact height of the electrical panel such that it may have been an unreasonably dangerous condition. ECF No. 34-1 at 10. The Court disagrees. "[T]he existence of an unreasonable defect 'cannot be reduced to a mathematical formula'" that is determined by minor deviations in the height of the uneven surface alone. *Duncan-Bogley*, 356 F. Supp. 3d at 539 (quoting *President & Com'rs of Town of Princess Anne v. Kelly*, 200 Md. 268, 273 (1952)). Instead, courts must view the circumstances as a whole to "determine whether there is sufficient evidence of the gravity of the alleged defects to permit a jury to consider the question of negligence." *Id.* (quoting *Princess Anne*, 200 Md. at 273). In this case, there are no facts to suggest that the electrical panel was unusually dangerous or that it was difficult to observe. Absent these facts, disputes about the exact height in inches of the electrical panel are insufficient to produce a *genuine* dispute of fact that would preclude summary judgment.

### B. The electrical panel, even if it was an unreasonably dangerous condition, presented an open and obvious danger.

An invitee has "a duty to exercise due care for [their] … own safety" on the property on which they are invited such that the property owner "has no duty to warn an invitee of an open, obvious, and present danger." *Six Flags Am., L.P. v. Gonzalez-Perdomo*, 248 Md. App. 569, 582 (2020) (citation omitted). "Whether a defect is open and obvious usually must be reserved for the trier of fact…. However, 'where it is clear that any [reasonable] person [in plaintiff's position] must have understood the danger, the issue may be decided by the court.'" *Schaefer*, 2017 WL 2506174, at *3 (quoting *C & M Builders, LLC v. Strub*, 420 Md. 268, 299 (Md. 2011)).

Whether an uneven surface presents an open and obvious danger depends on how easily the plaintiff can perceive the surface. Courts consistently hold that "small cracks, holes[,] and uneven spots … in pavement" are open and obvious dangers if "there is nothing to obstruct or interfere with one's ability to see such a static defect." *Duncan-Bogley*, 356 F. Supp. 3d at 540 (citation omitted) (collecting cases). On the other hand, uneven surfaces in pavement may present an open and obvious danger if a plaintiff presents evidence "that there was something unexpected or beyond the miscellany of normal activity so as to excuse [plaintiff's] failure to observe the sidewalk defect." *Id.* Thus, the issue is whether any reasonable person in Ms. Faloni's circumstances could have understood the danger of the electrical panel or whether unexpected interferences prevented her from understanding the danger.

Any reasonable person could have understood the electrical panel posed an open and obvious danger because Ms. Faloni had an unobstructed view of it. Ms. Faloni was looking in the direction of the electrical panel, the electrical panel was not obstructed by any objects or weather, and the electrical panel was a distinctive, light color compared to the darker pavement

that surrounded it. Surveillance Video 19:51:00. As a result, any reasonable person could have determined that the electrical panel presented an open and obvious danger.

Ms. Faloni cites to several cases that have determined that a dangerous condition was not open and obvious, and she suggests that the Court must follow their examples here. ECF No. 34-1 at 8–9, 13. As discussed below, however, these cases are distinguishable from the present case.

First, in *Honolulu Limited v. Cain*, Maryland's highest Court held that the "thin" ice a plaintiff slipped on while returning to her car in a parking lot on a February evening was not open and obvious in part because there was evidence that she walked back to her car by a different, "less brightly lit" route than the one she took to leave the parking lot. 244 Md. 590, 593, 599–600 (1966). *Honolulu* does not persuade the Court that the alleged dangerous condition here was open and obvious because viewing thin, possibly transparent, ice in dim lighting on a February evening as in *Honolulu* is objectively much more difficult than viewing an electrical panel with a distinct color on a sunny August evening as in this case.

Second, in *Six Flags America, L.P. v. Gonzalez-Perdomo*, the Maryland Appellate Court held that the water on a particular bridge on which the plaintiff fell at a theme park did not present an open and obvious danger because there was evidence that other bridges at the theme park had non-skid material installed and that, as a result, a visitor "could have concluded that the bridge was unlikely to be slippery" despite being wet. 248 Md. App. at 583. Unlike the inconsistently installed non-skid material that gave visitors a false sense of security in *Six Flags*, here, Ocean Enterprise did not install anything that would have prevented Ms. Faloni from understanding the danger the electrical panel posed. Thus, *Six Flags* is disanalogous, and the Court does not adopt its reasoning.

Third, in *Kritter v. Mooring*, the Fourth Circuit, applying North Carolina law, held that there was a genuine dispute of fact as to whether a quarter inch diameter wire that a helicopter pilot collided with posed an open and obvious risk in part because experts for the pilot concluded that he could not have seen the wire quickly enough to avoid it. 142 F.4th 267, 277 (4th Cir. 2025). *Kritter* is unpersuasive because it does not apply controlling Maryland law, and it does not involve a dangerous condition that a pedestrian would encounter while walking. Additionally, although it is not required, Ms. Faloni has not presented any expert testimony, unlike the pilot in *Kritter*, to support her assertion that she could not have seen the electrical panel by exercising reasonable care. *Kritter*, therefore, does not compel the Court to find that the electrical panel was an open and obvious danger.

Fourth, in *Chamberlain v. Denny's, Inc.*, this Court found that a dispute of material fact existed as to whether uneven brick tiles that the plaintiff tripped over were open and obvious; the unevenness of the tiles may not have been discernable due to the design of the tiles and their location immediately behind the door out of which the plaintiff exited. 166 F. Supp. 2d 1064, 1067, 1069 (D. Md. 2001). Unlike the obscure design of the tiles and the presence of a door that obstructed the plaintiff's vision in *Chamberlain*, here, the design of the electrical panel was distinct due to its color, and there were no obstructions blocking Ms. Faloni's view of the panel. Thus, Ms. Faloni's reliance on *Chamberlain* does not convince the Court that the electrical panel was an open and obvious danger.

Any reasonable person could have understood the alleged danger posed by the electrical panel, and the cases presented by Ms. Faloni suggesting otherwise are distinguishable. Thus, there is no genuine dispute that the electrical panel's purported danger was open and obvious.

There is no genuine dispute that the electrical panel was not an unreasonably dangerous condition and that, even if it was, the danger it posed was open and obvious. As a result, Ms. Faloni cannot establish the second element of her negligence claim—that Ocean Enterprise breached the duty it owed to her as an invitee on its property. Therefore, Ocean Enterprise is entitled to judgment as a matter of law on Ms. Faloni's negligence claim.

## CONCLUSION

The Court GRANTS Ocean Enterprise's Motion for Summary Judgment. A separate order follows.


Date: January 15, 2026                               /s/
                                            Chelsea J. Crawford
                                            United States Magistrate Judge